ILLINOIS CENTRAL RAILROAD CO. v. A. P. DACUS.

[60 South. 324.]

CARRIERS.   *Passengers.   Insult.   Damages.*

In a suit for damages by a prospective passenger who was insulted
    by the ticket agent of the railroad while purchasing a ticket,
    a verdict for plaintiff for one thousand dollars held to be excessive
    to the extent of five hundred dollars, it appearing that at the
    time of the insult there was only one person other than plaintiff's
    two companions present.

APPEAL from the circuit court of Montgomery county.
HON. J. A. McLEAN, Judge.

Suit by A. P. Dacus against the Illinois Central Railroad Company.

From a judgment for plaintiff, defendant appeals.

The facts are sufficiently stated in the opinion of the court.

*Mayes & Mayes*, for appellant.

We call the attention of the court to the fact that the plaintiff's own evidence appears in full in the record, beginning at page 14. On page 15 is found his statement of his transaction, and he says:

"I asked him to give me three tickets to Memphis, round trips. Harvey Watson was standing at the window and he started to give me straight tickets and Harvey Watson remarked that we wanted round trip tickets; I said 'Yes, I want round trip tickets;' he said, 'Why didn't you ask for round trip tickets;' and I said, 'I did;' and he said, 'You never done no such a damn thing;' and I said 'You surely didn't understand me, I sure did ask for round trip tickets,' and he said, 'You never done no such a damn thing and don't you tell me you did.' One of them there said, 'Yes he did ask for round trip tickets' and he said, 'He never done no such a damn thing and don't you stand up there and tell me

again that you did;' I said 'All right, don't you get it in your head that I am afraid to.' "

Now the whole of this case is, as plaintiff and his witnesses themselves put it, that this man Dacus and his three witnesses about three o'clock in the morning went to the station and there got into a difference with the station agent about whether he did or did not call for round trip tickets in the first instance. The evidence shows that the station agent was a little man and was alone. The plaintiff was a big man and had three friends with him.

It is perfectly manifest that he was not in the slightest danger of any personal assault; nor does he even pretend to have been in fear of any. On the contrary, he bucked up to the station agent and told him, "Don't you get it into your head that I am afraid to tell you I did."

On the point of publicity in the affront put upon him, the evidence shows that there were no persons whatever present except the station agent, on the one hand, and the plaintiff and his own three personal friends, on the other.

The plaintiff was a country young man, raised around there in the neighborhood of Montgomery county. He says in his testimony that he was mortified and humiliated, but if he really was, he was *rara avis in terra.* We think this court knows Montgomery county and its vicinity well enough to know that the use of the word "damn" is a part of the ordinary vocabulary. It is a common colloquialism, and it is impossible that this young man should have been very much humiliated or mortified because that station agent said "damn" to him.

It will be observed that the epithet was not applied to the man personally. No epithet was applied to him personally. The speech was rude as he puts it, but as conversation of people in the class of life to which this man described himself as belonging goes in this country, it was a very common sort of rudeness, and not one which

falls within that category, we submit, which calls for the infliction of damages, especially not the infliction of punitory damages, which this verdict evidently was.

We have searched the books carefully and have failed to find a single instance in which a judgment has been imposed as for damages where the alleged insult went no further than the conversation and bearing which is alleged in this case to have been an insult.

Here we have nothing more than what, to put the worst aspect upon it, was a mere pettish dispute and difference which led to no result except the utterence of a gross remark or two, in which no epithet was applied to the plaintiff, and no imputation made against his conduct or character.

We submit that the verdict, if the plaintiff was entitled to a verdict, should have been merely nominal, and that it was grossly excessive under the circumstances of this case, and that it shows passion and prejudice on the part of the jury.

There should be a large reduction of this verdict if the verdict be allowed to stand at all, we respectfully submit.

*Hill, Knox & Wilburn,* for appellee.

If there ever was a case that called for punitive damages, this, we resepectfully submit, is one. The verdict of the jury in this case, we contend, is not excessive. Indeed, we think it small in view of all the facts and circumstances in this case.

In the case of *Yazoo & M. V. Railroad Co.* v. *Mattingly,* 37 So. 708, the evidence showed that the plaintiff was the holder of a ticket and entitled to travel on defendant's train, but was by the carrier's porter repulsed insolently, denied admission insultingly and without explanation, and from the conduct of the porter was threatened with immediate assault, and in that case the court permitted the plaintiff to recover punitory damages and affirmed a verdict for two thousand five

hundred dollars and the court added that it thought the appellant without just cause of complaint as to the amount of damages awarded.

In the case of *Y. & M. V. R. R. Co.* v. *Fitzgerald;* 50 So. 631, it was said that the conductor was rude and insulting to the plaintiff, and upon the facts in that case the jury rendered a verdict for two thousand and five hundred dollars in favor of the plaintiff, and the court held that on the evidence for the plaintiff, which was accepted by the jury, she was entitled to recover punitive damages, but required her to make a remittitur down to the sum of one thousand and five hundred dollars.

In actions sounding in damages, where the law furnishes no legal rule of measurement, save the discretion of the jury, upon the evidence before them, courts will not disturb the verdict upon the ground of excessive damages, unless it be so flagrantly improper as to evince passion, prejudice, or corruption in the jury. See *New Orleans, Jackson & Great Northern R. R. Co.* v. *David W. Hearst,* 36 Miss. 660.

We most respectfully contend that there is no evidence in the record nor is there anything whatever which indicates or shows passion or prejudice on the part of the jury in arriving at their verdict in this cause. The jury have passed upon the facts and found a verdict in favor of the appellee and by their verdict have found that the conduct towards, and language used by the ticket agent to, the appellee, as hereinbefore stated, were insulting and humiliating. The case being one of fact, and the jury having passed upon the facts, we respectfully submit that their verdict should not be disturbed and that the judgment of the court below should be affirmed.

REED, J., delivered the opinion of the court.

This is an action brought by appellee against appellant to recover damages on the ground of an insult offered

to appellee by a ticket agent of appellant while in his capacity of a passenger he was purchasing a ticket. It is shown that appellee, in company with two other men, went to appellant's depot in Winona, Miss., for the purpose of taking passage on a northbound train; that he asked the ticket agent for three round trip tickets to Memphis, and that the agent offered him straight tickets; that upon appellee's repeating his request for round trip tickets the agent was insulting to him in language and in manner. This occurred about three o'clock in the morning, and there was only one person present, Jesse Campbell, in the ticket office, besides the agent, appellee, and his two companions. The jury returned a verdict for appellee in the sum of one thousand dollars, from which this appeal is taken.

We find no reversible error in the trial. However, after carefully reviewing all the facts and circumstances of this case, we consider the verdict excessive to the extent that it shows passion or prejudice on the part of the jury. For this reason, we reverse and remand the case, unless appellee will enter a remittitur for five hundred dollars, in which event the case is affirmed. If remittitur is not entered, the judgment of the court is reversed, in so far as it fixes the amount of damage to be recovered. In all other respects the judgment will remain in full force and effect, and the case will be remanded only for the purpose of ascertaining the amount of damages to be recovered by appellee.

*Remanded.*